# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

JACK LESTER ROBERTS,                          )
                                              )
      Plaintiff,                          )
                                              )
VS.                                           )     No. 04-1171-T-An
                                              )
MARK ANDERSON, et al.,                        )
                                              )
      Defendants.                         )

---

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS HARRY COOPER, MCKENZIE POLICE DEPARTMENT, CITY OF MCKENZIE

---

Plaintiff filed this action against Defendants Mark Anderson, Dennis Taylor, Harry Cooper, McKenzie Police Department, City of McKenzie, David Morgan, Kathy Young, John Doe Deputies, Bendell Bartholomew, and Carroll County, pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated when he was arrested without probable cause, subjected to excessive force, and denied medical attention.[1]  Defendants Harry Cooper, McKenzie Police Department, and City of McKenzie have moved for summary judgment [Docket # 34].  Plaintiff has responded to the motion.  For the reasons set forth below, Defendants' motion is GRANTED.

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil

---

[1]  The Carroll County Sheriff's Department was dismissed as a defendant on September 28, 2004.  Mark Anderson and Dennis Taylor were dismissed on March 11, 2005.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 6/24/05

of showing the "absence of a genuine issue of material fact as to an essential element of the nonmovant's case." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The moving party may support the motion with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The opposing party may not rest upon the pleadings but, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

"If the defendant . . . moves for summary judgment . . . based on the lack of proof of a material fact, . . . [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter, however. Anderson, 477 U.S. at 249. Rather, "[t]he inquiry on a summary judgment motion . . . is . . . 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" Street, 886 F.2d at 1479 (quoting Anderson, 477 U.S. at 251-52). Doubts as to the existence of a genuine issue for trial are resolved against the moving party. Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970).

The complaint alleges that Defendants Taylor and Anderson, both police officers with the City of McKenzie, responded to an attempted suicide by Plaintiff. Defendants allegedly

2

approached Plaintiff's car and then "without cause, provocation, or warning, pulled Plaintiff from his vehicle and threw Plaintiff on the hood of his car , and began to strike Plaintiff" repeatedly.  Complaint at para 11.  The complaint further alleges that Defendants beat and kicked Plaintiff after he was handcuffed.  Id. at para. 12.  Plaintiff alleges that he did not attempt to resist arrest and did not threaten Defendants "except in self defense after the beatings began."  Id. at para. 13.  According to Plaintiff, he suffered permanent injuries as the result of his beating.  Plaintiff also alleges that these Defendants arrested him without probable cause and denied him medical treatment for his injuries.

The complaint alleges supervisory liability on the part of Defendant Cooper, who was chief of police during the relevant time period.  Id. at para. 40.  Defendant Cooper allegedly failed to supervise and train Defendants Anderson and Taylor, despite having received complaints having been made about them.  Id. at para. 42.  The complaint alleges that the City had a policy or custom of failing to "instruct, supervise, control, and/or discipline" Defendants Taylor and Anderson.  Id. at para. 48.

<u>Defendant McKenzie Police Department</u>

This case must be dismissed against the Police Department because it is not a legal entity against whom a suit can be directed.  Crawford v. Zeitler, 326 F.2d 119, 121 (6th Cir. 1964; Hughson v. County of Antrim, 707 F. Supp. 304 (W.D. Mich. 1988);Moomey v. City of Holland, 490 F. Supp. 188 (W.D. Mich.1980) (police department is merely creature of the city under state statute; city is real party in interest).

3

<u>Defendants City and Cooper</u>

The court previously granted the motion for summary judgment of Defendants Anderson and Taylor on Plaintiff's claim of excessive force under <u>Heck v. Humphrey</u>, 512 U.S. 473 (1994). <u>See</u> Order 3/11/05. In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court held that:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

<u>Id.</u> at 486-87. Thus, any claim for damages that, if successful, would "necessarily imply" the "invalidity of any outstanding criminal judgment against the plaintiff" is not cognizable under § 1983 unless the plaintiff demonstrates that judgment's prior invalidation. <u>Id.</u> at 487.

This court acknowledged that <u>Heck</u> does not necessarily bar excessive force claims under the Eighth Amendment, <u>see</u> <u>Huey v. Stine</u>, 230 F.3d 226, 230-231 (6th Cir. 2000), but instead, a court must decide whether <u>Heck</u> bars a particular § 1983 claim on a case-by-case basis. <u>See</u> <u>Foster-Bey v. Duncan</u>, 1998 WL 124002 at **4-5 (6th Cir.) (Whether a § 1983 claim is cognizable depends upon whether the nature of the underlying claims would undermine the validity of the administrative hearing's decision). The court then found that, in this particular case, a finding in favor of Plaintiff on his excessive force claim would call into question his conviction. Therefore, summary judgment was granted in favor of

4

Defendants Taylor and Anderson.

Subsequently, Plaintiff moved the court to set aside the portion of its order granting the motion for summary judgment of Defendants Dennis Taylor and Mark Anderson on his excessive force claim. Plaintiff did not address the portion of the order granting the motion for summary judgment on his claims that he was arrested without probable cause, denied medical treatment, and subjected to malicious prosecution or on his state law claims. [Docket #25]. The court rejected Plaintiff's arguments and denied the motion in an order entered on March 31, 2005.[2]

Defendants City and Cooper now contend that there can be no supervisory or municipal liability under § 1983 if the plaintiff has not established a constitutional violation by the individual defendants. See Watkins v. Battle Creek, 273 F.3d 682, 687 (6th Cir.2001) (citing Los Angeles v. Heller, 475 U.S. 796, 799 (1986)) (If the plaintiff fails to establish a constitutional violation by an individual officer, the local government unit cannot be held liable for a failure to train under § 1983.) Plaintiff does not dispute this point of law but, instead, attempts to reargue the liability of Defendants Anderson and Taylor. The court declines to revisit that issue for the reasons stated in the order denying Plaintiff's motion to reconsider.

---

[2] Plaintiff did not respond to the motion for summary judgment of Defendants Taylor and Anderson; however, the court recognized in both the order granting the motion for summary judgment and the order denying Plaintiff's motion for reconsideration that the failure to respond did not require the granting of Defendants' motion.

The court previously granted the portion of the motion for summary judgment of Defendants Anderson and Taylor on Plaintiff's claims that he was arrested without probable cause, denied medical treatment, and subjected to malicious prosecution.  Plaintiff has not addressed these claims in his response to the present motion.  Because Plaintiff has not established a constitutional violation by the individual defendants on these claim, see Watkins, 273 F.3d at 687 (citing Heller, 475 U.S. at 799), Defendants City and Cooper are entitled to summary judgment.

To the extent that Plaintiff has asserted state law claims against Defendants, the court does not have jurisdiction over those claims. Since Defendants are governmental employees or entities, they are immune from suits based on state law except as provided by the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-302, et seq. ("TGTLA").  This act provides that the circuit courts have exclusive original jurisdiction over claims brought under the Act. T.C.A. § 29-20-307. See Beddingfield v. Pulaski, 666 F. Supp. 1064 (M.D. Tenn. 1987), reversed on other grounds, 861 F.2d 968 (6th Cir. 1988). Therefore, this court does not have jurisdiction over Plaintiff's state law claims. Cf. Timberlake v. Benton, 786 F. Supp. 676 (M.D. Tenn. 1992) (Granting the motion to dismiss of the City and the officers in their official capacities pursuant to Beddingfield but declining to apply the holding in Beddingfield to the officers in their individual capacities.)

Alternatively, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. See Maxwell v. Conn, 893 F.2d 1335, 1990 WL 2774 (6th Cir.) (While

6

the federal claims would ordinarily confer jurisdiction over plaintiff's TGTLA claims because they arise out of the same nucleus of operative fact, the decision of the Tennessee legislature to grant original jurisdiction to state circuit courts belies plaintiff's claim that he could expect to try all his claims in the same judicial proceeding, and the district court properly declined to exercise its discretion by extending pendent jurisdiction over the state common law negligence claims because of concerns of jury confusion.)  Accord Spurlock v. Whitley, 971 F. Supp. 1166 (M.D. Tenn. 1997), aff'd 167 F.3d 995 (6th Cir. 1999) (A court may decline to exercise supplemental jurisdiction if "in exceptional circumstances," there are "compelling reasons for declining jurisdiction," 28 U.S.C. § 1367(c)(4), and the exclusivity provision of the TGTLA provides a compelling reason for this court to decline supplemental jurisdiction of the TGTLA claim.)  Accordingly, the state law claims brought against Defendants are dismissed.

Conclusion

Accordingly, the motion for summary judgment of Defendants Harry Cooper, McKenzie Police Department, and City of McKenzie is GRANTED.

IT IS SO ORDERED.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

24 June 2005
DATE

7

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 40 in
 case 1:04-CV-01171 was distributed by fax, mail, or direct printing on
June 24, 2005 to the parties listed.

---

Benjamin S. Dempsey
LAW OFFICES OF BENJAMIN S. DEMPSEY
P.O. Box 711
Huntingdon, TN 38344

John D. Burleson
RAINEY KIZER REVIERE & BELL
105 S. Highland Avenue
Jackson, TN 38302--114

Milton Dale Conder
RAINEY KIZER REVIERE & BELL
105 S. Highland Ave.
P.O. Box 1147
Jackson, TN 38302--114

Fred Collins
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

Robert T. Keeton
KEETON LAW OFFICES
20240 East Main St.
Huntingdon, TN 38343

Michael R. Hill
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

Honorable James Todd
US DISTRICT COURT