IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JACK LESTER ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 1:04-1171 |
| | ) | |
| MARK ANDERSON, DENNIS TAYLOR, HARRY COOPER, MCKENZIE POLICE DEPARTMENT, and CITY OF MCKENZIE; DAVID MORGAN, KATHY YOUNG, JOHN DOE (UNNAMED DEPUTIES), BENDELL BARTHOLOMEW, CARROLL COUNTY SHERIFF DEPARTMENT, and CARROLL COUNTY, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

---

ORDER PARTIALLY DENYING AND PARTIALLY GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

---

On July 28, 2004, Plaintiff filed this civil rights action against several law enforcement officers and officials of the City of McKenzie, Tennessee, and of Carroll, County, Tennessee, alleging various violations of Plaintiff's rights under the United States Constitution and 42 U.S.C. § 1983. (Docket # 1). Plaintiff also named the City of McKenzie, Tennessee, the McKenzie Police Department, Carroll County, Tennessee, and

This document entered on the docket sheet in compliance
with Rule 55 and/or 52(b) FRCrP on 9/16/05
58      79(a) FRCP

the Carroll County Sheriff's Department, as defendants. Id.[1] Several of the defendants now move for summary judgment. For the reasons set forth below, summary judgment is DENIED to Defendants David Morgan and Kathy Young. Summary judgment is GRANTED to Carroll County, Tennessee, Carroll County Sheriff Bendell Bartholomew, and the "Unnamed Deputies."

I.

In the late summer of 2003, Jack Lester Roberts ("Plaintiff") attempted to commit suicide by ingesting several prescription pills. (Dep. of Pl. at 7). Two McKenzie police officers responded to the attempted suicide, and an altercation ensued between Plaintiff and the policemen. Id. at 8. The police subsequently charged Plaintiff with aggravated assault and unlawful possession of a weapon.

Plaintiff sustained injuries during his altercation with the city policemen. Id. He was taken to the local hospital and treated before he was taken to jail. Id. Defendants David Morgan ("Morgan") and Kathy Young ("Young"), who both worked for the Carroll County Sheriff's Department, were on duty when Plaintiff arrived at the jail. (Young Aff.; Morgan Aff.). According to Plaintiff, the jailers threw the handcuffed Plaintiff into a long, narrow

---

[1] The Carroll County Sheriff's Department was dismissed by order of this court entered on September 28, 2004. (Docket #18). Defendants Mark Anderson and Dennis Taylor, McKenzie police officers, were granted summary judgment by order of the court entered on March 11, 2005. (Docket # 24). On June 24, 2005, the court granted summary judgment to McKenzie Police Chief Harry Cooper, the McKenzie Police Department, and the City of McKenzie. (Docket # 40).

"drunk tank." (Dep. of Pl. at 12.). While Plaintiff was in the drunk tank, he says the jailers sprayed chemical mace in his eyes. Id. at 17.

Plaintiff claims that Morgan soon returned and began assaulting Plaintiff. First, Morgan allegedly grabbed Plaintiff by the "scruff" of Plaintiff's neck and took Plaintiff to a different, smaller cell with no windows. Id. at 13. There, one of the jailers opened the cell door and Morgan allegedly kicked Plaintiff into the cell from behind. Id. Young allegedly stood by the door and watched. Id. While the jailers were outside of the cell and after they had closed the door behind Plaintiff, Plaintiff allegedly overheard Morgan say "[o]pen cell number two because I'm going to finish what [Plaintiff] started out on the street" with the city police. Id. at 14. Then, Morgan allegedly entered the cell, pulled Plaintiff's shirt over Plaintiff's head, and physically assaulted Plaintiff for fifteen or twenty minutes. Id. Morgan also allegedly sprayed Plaintiff with mace a second time. Id. at 17.

Plaintiff claims that, as he endured this abuse, another county employee named "Steve" watched Plaintiff get beaten. Id. at 14. "Steve" also allegedly said to Morgan, "[l]et me get [Plaintiff] for a little while." Id. However, Morgan told "Steve" that Plaintiff had "had enough" and that the jailers would "get [Plaintiff] next time." Id. Plaintiff says that the jailers then left for some unknown time, until "Steve" came back to the cell and ordered Plaintiff to take everything off of his body except his shorts. Id. at 15–16. Plaintiff complied. Id. As he was standing there in his shorts, Plaintiff says, Morgan reentered the cell, kicked Plaintiff in the stomach, kneed Plaintiff in the crotch, and again sprayed Plaintiff

3

with mace. Id. at 16. Young, the female jailor, allegedly stood by and watched while Morgan beat Plaintiff. Id. at 21.

Subsequently, Plaintiff brought this action pursuant to 42 U.S.C. § 1983 against Morgan, Young, and "Unnamed Deputies" (apparently "Steve"). Plaintiff alleged that Morgan used unconstitutionally excessive force against Plaintiff in violation of the Fourth and Fourteenth Amendments to the federal constitution. (Compl. at 5). Plaintiff seeks to impose liability on Young for failing to prevent Morgan's abuse even though she witnessed the alleged abuse and even though she possessed the opportunity and means to prevent it. Id. Plaintiff also named Bendell Bartholomew, the Sheriff of Carroll County ("Sheriff Bartholomew"), and Carroll County (the "County").

In Plaintiff's view, Sheriff Bartholomew had violated his constitutional rights in two respects. First, Sheriff Bartholomew had received complaints about Morgan and Young in the past but he was deliberately indifferent to the risk that they posed to Plaintiff. Second, Sheriff Bartholomew had failed to train, instruct, supervise, and discipline his jailers so as to prevent the type of harm Plaintiff allegedly suffered. With respect to the County, Plaintiff claimed that the County had either an official policy or a custom and practice of not instructing, supervising, controlling, and/or disciplining Morgan and Young.

4

II.

Morgan, Young, the "Unnamed Deputies," Sheriff Bartholomew, and the County all move for summary judgment. A motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. See FED. R. CIV. P. 56. The court will grant summary judgment to one or more of these defendants if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The initial burden is on these Defendants to inform the court why the pleadings, discovery materials, and affidavits, if any, "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v.Catrett, 477 U.S. 317, 323 (1986). When and if this initial burden is satisfied, the burden will shift to Plaintiff to establish a genuine and material factual dispute for trial. FED. R. CIV. P. 56(e). Although the familiar rule is that a plaintiff may not establish such a dispute simply by relying on the allegations in his complaint, see FED. R. CIV. P. 56(e), a verified complaint such as the one in this case is considered an "affidavit" for summary judgment purposes. See Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001) (internal citations omitted); Hooks v. Hooks, 771 F.2d 935, 946 (6th Cir. 1985).

At this stage, the court's duty is "not to weigh the evidence, judge credibility, or in any way determine the truth of the matter." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The relevant inquiry is instead confined to determining whether "the evidence

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251–52. That evidence is viewed in the light most favorable to the non-moving party. See, e.g., AutoZone, Inc. v. Tandy Corp., No. 01-6571, 2004 U.S.App. LEXIS 13334, at *13 (6th Cir. June 29, 2004).

The court will separately consider summary judgment for each individual defendant.

### III.

### A. Morgan

Morgan is not entitled to summary judgment on Plaintiff's claim that Morgan used excessive force against Plaintiff. The Constitution certainly prohibits a law enforcement actor from unnecessarily beating a person in his custody. C.f. Phelps v. Coy, 286 F.3d 295, 299–302 (6th Cir. 2002) (describing the different constitutional provisions that are implicated from the time of "seizure" to the execution of sentence). Here, viewing the evidence in Plaintiff's favor, a genuine issue of material fact exists as to whether or not Morgan actually beat Plaintiff.

Morgan denies that he beat Plaintiff. (Morgan Aff. at ¶ 9). He denies spraying Plaintiff with mace or harming Plaintiff in any other way. Id. at ¶¶ 11, 12. He claims that Plaintiff cannot establish a genuine factual dispute on these issues because Plaintiff was in a "heavily sedated state" when Plaintiff arrived at the County jail and therefore cannot remember what happened to him in jail. (Defs.' Mem. Supp. Summ. J. at 3). Also, Morgan

claims that a booking photograph of Plaintiff, which shows the extent of Plaintiff's injuries as they existed when he arrived at jail, triggered Plaintiff's burden to come forward with some evidence that Plaintiff received some injuries after he entered the jail. Id.

Notwithstanding Morgan's arguments, the court finds that a genuine issue of material fact exists on the issue of whether or not Morgan committed the acts that Plaintiff alleges. First, Morgan's flat denial that he committed those acts does not entitle him to summary judgment. That denial is contradicted by Plaintiff's verified complaint (Morgan "repeatedly and violently kicked, beat, and struck Plaintiff [and sprayed] Plaintiff with a chemical spray), his sworn affidavit ("I suffered . . . injury by . . . Morgan and . . . Young"), and his deposition testimony, (see Dep. of Pl. at 13–17) (describing what Plaintiff remembered about the date in question).

Second, the booking photograph (Defs.' Mem. Supp. Summ. J., Ex. 2), did not trigger Plaintiff's burden to come forward with some additional, independent evidence (other than Plaintiff's sworn version of the events) of what allegedly occurred in the jail. Morgan's argument with respect to the photograph is unique. He first points out that the photograph is a fair and accurate depiction of how Plaintiff appeared when Plaintiff *arrived* at the jail. Id. at 3; (Morgan Aff. at 1). He then points out that Plaintiff concedes that the photograph is a fair and accurate depiction of how Plaintiff looked when Plaintiff *arrived* at the jail. (Defs.'s Mem. Supp. Summ. J. at 3; Dep. of Pl. at 12). Morgan then claims that, based on the photo and the admission, Plaintiff "can show no injuries beyond those with which he

7

entered" the jail.

The problem with this contention is that, at Plaintiff's deposition, Morgan did not even ask Plaintiff whether Plaintiff had suffered any additional "injuries" other than those "with which he entered." Instead, Morgan merely asked Plaintiff if Plaintiff agreed that the photograph accurately depicted Plaintiff's condition at booking. Plaintiff's casual admission to this simple question did not demonstrate the absence of an essential element of Plaintiff's case against *Morgan* (who was with Plaintiff *after* Plaintiff's booking) and therefore did not require Plaintiff to come forward with any separate evidence of post-booking "injuries." In any event, Plaintiff's deposition testimony focused almost exclusively on the "injuries" that Plaintiff allegedly suffered *after* the booking photograph was taken and therefore demonstrated the existence of a genuine issue of material fact as to whether Morgan committed any unlawful acts at that time.

Last, Morgan's other grounds in favor of summary judgment simply challenge the credibility or weight that should be attributed to Plaintiff's description of the events in question. For example, he points out that Plaintiff was "heavily sedated" when he arrived at the jail, (Morgan Aff. at 2), presumably because of all of the drugs that Plaintiff had ingested in the suicide attempt. That fact, which Plaintiff did not dispute, might undermine Plaintiff's ability to remember what happened but definitely does not entitle Morgan to judgment as a matter of law. Similarly, the fact that the "cell" in which Plaintiff was allegedly beaten was "narrow[ly] configur[ed]," (Bartholomew Aff. at 2), might undermine

8

Plaintiff's credibility but does not mandate summary judgment for Morgan.[2]

Because Plaintiff's verified complaint, sworn affidavit, and deposition testimony establish a genuine and disputed issue of material fact—i.e., whether Morgan beat and maced Plaintiff—the court DENIES summary judgment to Morgan.

### B. Young

For similar reasons, Young is not entitled to summary judgment. Young may be liable for failing to protect Plaintiff from Morgan's excessive force even though she did not actively participate in the alleged wrongdoing. See Turner v. Scott, 119 F.3d 425, 429 (6th Cir. 1997); Bruner v. Dunaway, 684 F.2d 422, 426 (6th Cir. 1982), cert. denied, Bates v. Bruner, 459 U.S. 1171 (1983). To prevail at trial, Plaintiff must show that Young (1) observed or had reason to know that Morgan was using excessive force and (2) had both the opportunity and the means to prevent the harm from occurring. Turner, 684 F.2d at 426.

Here, Young's affidavit admits that Young was present but denies that Young allowed Plaintiff to be harmed. In fact, she denies that Morgan harmed Plaintiff in the first place. (Young Aff. at 2). Plaintiff, however, testified that Young just watched as Morgan beat Plaintiff. (Dep. of Pl. at 21). This raises a genuine issue of material fact as to whether or not Young observed or had reason to know that Morgan was beating Plaintiff and also whether she could have done anything to prevent the beating if it occurred.

---

[2]Sheriff Bartholomew also points out that it was department policy for an officer to make a report when he used a chemical mace spray against an inmate and that no report was made in this case. Bartholomew Aff. at 2. Again, this historical fact, if true, merely pertains to the credibility that may or may not be attached to Plaintiff's claim that mace was in fact used.

9

Accordingly, summary judgment is DENIED to Young.

### C. Sheriff Bartholomew

Sheriff Bartholomew is entitled to summary judgment. Plaintiff may not hold Sheriff Bartholomew liable under § 1983 on the sole basis that he was Morgan and Young's superior officer. See, e.g., Loy v. Sexton, No. 04-3971, 2005 U.S. App. LEXIS 9783, at **5–6 (6th Cir. May 23, 2005) (unpublished opinion) (citing Shehee v. Luttrel, 199 F.3d 295, 300 (6th Cir. 1999)). Instead, Plaintiff must demonstrate that the Sheriff either encouraged this specific alleged incident "or in some other way directly participated in it." Id. (internal quotation marks and citations omitted). To succeed in making that demonstration, Plaintiff must show that Sheriff Bartholomew somehow "implicitly authorized, approved, or knowingly acquiesced in" Morgan and Young's alleged unconstitutional behavior. Id. (internal quotation marks and citations omitted).

Plaintiff alleges that Sheriff Bartholomew actively participated in Morgan and Young's alleged wrongdoings by (1) failing to "train, instruct, supervise, and discipline" them and because (2) he was deliberately indifferent to a known and obvious risk that Morgan and Young would violate Plaintiff's constitutional rights. (Compl. at 11–12). Plaintiff has failed to raise a genuine issue of material fact as to either of these two theories.

To hold Sheriff Bartholomew liable for failing to "train, instruct, supervise, and discipline" Morgan and Young, or for not otherwise taking action to protect Plaintiff from harm, Plaintiff must demonstrate that the Sheriff consciously disregarded a known risk of

10

serious injury to Plaintiff. See Elwoski v. City of Brunswick, 287 F.3d 492, 515 (6th Cir. 2002). He must show that Sheriff Bartholomew was aware of facts from which an inference could be drawn that Morgan and Young posed a substantial risk of serious harm to Plaintiff, and he must show that Sheriff Bartholomew drew that inference. Id. at 513 (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994). Here, despite the allegation in his complaint, Plaintiff admitted during his deposition that the Sheriff was not present when Morgan and Young allegedly violated Plaintiff's rights and he admitted that he had no personal knowledge or other evidence that the Sheriff had not adequately trained Morgan and Young. (Dep. of Pl. at 22). It is also undisputed that Morgan and Young were both certified jailers. The sheriff supervised the jailers and never observed either of them deviate from acceptable behavior. The sheriff had never received any complaints or other warnings regarding either Morgan or Young. (Bartholomew Aff. at 1–2). Based on these undisputed facts, no reasonable jury could find that Sheriff Bartholomew was "callous[ly] indifferent" to a known risk of serious injury posed to Plaintiff by Morgan or Young.

Because Plaintiff has failed to raise a genuine issue as to whether or not Sheriff Bartholomew was somehow an "active participant" in this alleged § 1983 violation, summary judgment is GRANTED to Sheriff Bartholomew.

### D. The County

The County is entitled to summary judgment. It is well-settled that the drafters of § 1983 did not intend to impose vicarious liability upon municipal corporations, like the

11

County, for the unconstitutional actions of its agents and employees. See <u>Bd. of the County Comm'rs v. Brown</u>, 520 U.S. 397, 400 (1997). For Plaintiff to hold the County liable, then, he must raise a genuine issue of fact as to whether or not Morgan and Young's alleged conduct was in some way attributable to the deliberate action of the County—i.e., whether or not the County was the "moving force" behind the violation of Plaintiff's rights. <u>Id.</u> (citing <u>Monell v. New York City Dept. of Soc. Servs.</u>, 436 U.S. 658, 694 (1978). To satisfy that burden, Plaintiff must at least identify a policy or custom of the County that could have caused his alleged injury. <u>Id.</u> (internal citations omitted).

Although Plaintiff's verified complaint alleges that the County had a policy or custom of not preparing jailers to handle suicidal and/or intoxicated inmates such as Plaintiff, during his deposition he testified that he had no evidence that either Morgan or Young had not been trained. (Dep. of Pl. at 23); <u>compare</u> <u>id.</u> at 22 (stating that the County "should have [trained] [Morgan and Young] or something"). Furthermore, it was otherwise undisputed that the County had a policy or custom *against* the alleged conduct and that such conduct would, if true, constitute cause for the County to dismiss both Morgan and Young. It was also not contested that the County was unaware of any risk with respect to Morgan or Young and that it had never received any complaints about either of the jailers or Sheriff Bartholomew. (McBride Aff. at 1–2). Based on these undisputed facts, no reasonable jury could find that the County was the "moving force" that resulted in Morgan's alleged abuse of Plaintiff and Young's alleged indifference to Plaintiff's suffering.

Consequently, summary judgment is GRANTED to the County.

### E. Unamed Deputies

The "unnamed deputies," apparently including "Steve," are entitled to summary judgment. The filing of a John Doe complaint does not toll the statute of limitations unless and until the unnamed parties are identified, named, and served with process. See Bufalino v. Michigan Bell Tel. Co., 404 F.2d 1023, 1028 (6th Cir. 1968). The one-year statute of limitations, see TENN. CODE ANN. § 28-3-104(a)(1) & (3), on Plaintiff's § 1983 claim against the unnamed deputies began running on the date of his alleged beating, August 3, 2003. That period has since expired. Thus, because the unnamed deputies were not identified, named, and served before the running of the limitations period,[3] Plaintiff's action against them is time-barred.

For this reason, summary judgment is GRANTED to the "unnamed deputies."

### IV.

For the foregoing reasons, this motion for summary judgment is PARTIALLY GRANTED and PARTIALLY DENIED. The motion for summary judgment is DENIED as to Defendants Morgan and Young. However, the motion for summary judgment is

---

[3] See also Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996) (discussing the utility of FED. R. CIV. P. 15(c), which deals with the relation back of pleading amendments that name new defendants)). Cox makes it highly unlikely that Plaintiff would be permitted to amend his complaint to identify the "unnamed deputies" notwithstanding the running of the statute of limitations. See id.

GRANTED as to Defendants Sheriff Bendell Bartholomew, Carroll County, and the "Unnamed Deputies."

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

15 September 2005
DATE

14



# Notice of Distribution

This notice confirms a copy of the document docketed as number 52 in case 1:04-CV-01171 was distributed by fax, mail, or direct printing on September 16, 2005 to the parties listed.

---

John D. Burleson
RAINEY KIZER REVIERE & BELL
105 S. Highland Avenue
Jackson, TN 38302--114

Benjamin S. Dempsey
LAW OFFICES OF BENJAMIN S. DEMPSEY
P.O. Box 711
Huntingdon, TN 38344

Milton Dale Conder
RAINEY KIZER REVIERE & BELL
105 S. Highland Ave.
P.O. Box 1147
Jackson, TN 38302--114

Robert T. Keeton
KEETON LAW OFFICES
20240 East Main St.
Huntingdon, TN 38343

Fred Collins
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

Michael R. Hill
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

Honorable James Todd
US DISTRICT COURT