IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY ____ew____ D.C.

05 NOV -1  PM 2:45

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN, JACKSON

| | |
|---|---|
| JACK LESTER ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 1:04-1171-T-An |
| ) | |
| DAVID MORGAN and KATHY ) | |
| YOUNG, ) | |
| ) | |
| Defendants. ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL

Jack Lester Roberts ("Plaintiff") moves for a new trial on the ground that, during his jury trial, the court erroneously excluded certain photographs. Because the court's evidentiary ruling was not erroneous, Plaintiff's motion for a new trial is DENIED.

Plaintiff was allegedly beaten by Carroll County jailers Defendant David Morgan ("Morgan"), and Defendant Kathy Young ("Young") allegedly observed this beating without intervening. Plaintiff filed suit pursuant to 42 U.S.C. § 1983, contending that Morgan and Young had violated the Fourth Amendment's prohibition of unreasonable "seizures." Throughout the course of the litigation, Morgan and Young's primary defense was that the alleged beating never occurred and that whatever demonstrable physical injuries Plaintiff had sustained were sustained prior to Plaintiff's incarceration at the Carroll County

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 11/2/05

63

jail. For example, in their motion for summary judgment, Morgan and Young vigorously argued that Plaintiff's only evidence of physical injuries was a booking photograph that was taken by the city police before Plaintiff arrived at the county jail. Defendants correctly pointed out that the booking photograph could not have depicted injuries that Plaintiff had received during his subsequent incarceration in the county facility. Notwithstanding this argument, the court denied Morgan and Young's motion for summary judgment on the ground that the photograph did not foreclose the possibility that there was *other* evidence of post-booking injuries. Specifically, the court noted that Plaintiff's deposition testimony created a genuine issue of material fact that Plaintiff was beaten after his booking by Morgan and Young.

At trial, Plaintiff sought to introduce photographs of Plaintiff that were allegedly taken *after* the alleged beating at the county jail. Morgan and Young objected on the ground that Plaintiff had not initially disclosed these specific photographs, had never mentioned these specific photographs, and did not refer to these specific photographs in the parties' joint pre-trial order. The court agreed. The court specifically ruled that Plaintiff's reference to "photographs" throughout the litigation and in his depositions was not sufficient to comply with the ongoing disclosure requirements of the Federal Rules of Civil Procedure, and that the only photograph that had ever been specifically disclosed was the booking photograph.

A new trial may be granted on the basis of an erroneous evidentiary ruling if the error

2

affected "substantial justice." FED. R. CIV. P. 61; see also White Pine Copper Co. v. Continental Ins. Co., 166 F. Supp. 148, 158 (W.D. Mich 1958) (citing Montgomery Ward & Co. v. Duncan, 311 U.S. 243 (1940); General Am. Life Ins. Co. v. Central Nat'l Bank of Cleveland, 136 F.2d 821, 822 (6th Cir. 1943)). There must be both (1) error and (2) an effect on "substantial justice." Here, the court's exclusion of evidence as a sanction for Plaintiff's discovery violation did not constitute "error" warranting a new trial. FED. R. CIV. P. 61; see also FED. R. CIV. P. 26(a)(1), 37(b)(2)(B) & (c)(1), 16(e) & (f). The only photograph that was an issue in this litigation prior to trial, aside from Plaintiff's casual reference to "photographs of Jack Lester Roberts made following arrest by Dempsey Law Office," was the booking photograph. Although one might argue that Plaintiff's initial disclosure was in technical compliance with the rules, the court does not condone Plaintiff's broad and all-encompassing "disclosures" in light of the surprise nature of the specific photographs actually proffered at trial.

Finally, in addition to the fact that neither Plaintiff's initial disclosure, deposition testimony, response to the motion for summary judgment, nor the joint pre-trial order actually "disclosed" the excluded photographs within the meaning of the rules of procedure, the court's Order Setting Case for Trial specifically states that "[c]ounsel . . . are also directed to . . . exchange information . . . offered in evidence at the trial." (dkt. 23). The order also directs the parties to stipulate, "to the extent possible," to the admissibility of each specific exhibit. Id. In the joint pre-trial order, Plaintiff simply listed "photographs of

3

Plaintiff." Because the specific photographs in question had never before been brought to the defendants' attention, Plaintiff's reference in the joint pre-trial order can hardly be considered a sufficient stipulation as to the admissibility of those photographs.

Because the court's evidentiary ruling was not "error," Plaintiff is not entitled to a new trial. The motion is DENIED.

IT IS SO ORDERED.

                                                  /s/ James D. Todd
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE

                                         31 October 2005
                                         DATE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 63 in case 1:04-CV-01171 was distributed by fax, mail, or direct printing on November 2, 2005 to the parties listed.

---

John D. Burleson
RAINEY KIZER REVIERE & BELL
105 S. Highland Avenue
Jackson, TN 38302--114

Robert T. Keeton
KEETON LAW OFFICES
20240 East Main St.
Huntingdon, TN 38343

Michael R. Hill
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

Benjamin S. Dempsey
LAW OFFICES OF BENJAMIN S. DEMPSEY
P.O. Box 711
Huntingdon, TN 38344

Milton Dale Conder
RAINEY KIZER REVIERE & BELL
105 S. Highland Ave.
P.O. Box 1147
Jackson, TN 38302--114

Fred Collins
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

Honorable James Todd
US DISTRICT COURT